| | |
|---|---|
| **BRIAN G. RANSOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     **<u>ORDER</u>** |
| | ) |
| **FNU DAVIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e) and 1915A.

On April 17, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. [Doc. 12]. Plaintiff, therefore, is proceeding in forma pauperis.

## I.    BACKGROUND

Pro se Plaintiff Brian G. Ransom ("Plaintiff"), a North Carolina state inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on February 4, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff alleges that Defendants violated his First, Eighth and Fourteenth Amendment rights under the U.S. Constitution in relation to alleged sexual harassment by Defendant Davis and alleged retaliation and other events that ensued after Plaintiff filed grievances related to the harassment. In his Complaint, Plaintiff names the following persons as Defendants: (1) FNU Davis, identified as a correctional line staff at Marion Correctional Institution ("Marion"); (2) FNU Hamilton, identified as the E-unit restrictive housing acting Unit Manager at Marion; and (3) FNU Kizer, identified as the E-unit restrictive

housing Unit Sergeant. [Doc. 1 at 2-3]. The Court takes the following allegations by Plaintiff as true for the purpose of this initial review:

Beginning on January 6, 2019, Defendant Davis began verbally abusing Plaintiff with insults, comments, and innuendo of a sexual nature, calling into question Plaintiff's gender and sexuality. On the same day, Plaintiff requested a grievance from and to file a P.R.E.A.[1] complaint. Defendant Kizer refused Plaintiff's request to file a P.R.E.A. complaint for two days. On January 8, 2019, after Plaintiff filed a grievance, he was issued two infractions for having his outside window covered, while other inmates had their windows covered and received no infractions. Also on January 8, 2019, Defendant Hamilton told Plaintiff that, because Plaintiff wants to file grievances and P.R.E.A. complaints on Hamilton's officers, Hamilton would "make sure [Plaintiff's] stay on E-unit was uncomfortable." Defendant Hamilton refused to allow Plaintiff to receive or see photographs sent from Plaintiff's mother under the pretense of there being some "unknown substance" on them. After Plaintiff requested to speak with the officer-in-charge, Hamilton came to Plaintiff's cell and reiterated that, as long as Plaintiff filed complaints against Hamilton's officers, Plaintiff would "receive every form of punishment" possible.

On January 11, 2019, Hamilton filed another infraction against Plaintiff, claiming Plaintiff falsified his allegations of sexual harassment against Defendant Davis. Plaintiff was charged with an A-18 infraction and referred to the Disciplinary Hearing Board. Hamilton returned to Plaintiff's cell later that day and threatened Plaintiff with more infractions and to remove Plaintiff from his cell. On the same day, Plaintiff filed a grievance against Defendant Hamilton and Hamilton told the Plaintiff that Hamilton would be handling the grievance personally because Hamilton was the

---

[1] P.R.E.A. stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

acting Unit Manager, which would be a violation of N.C. Department of Public Safety policy.

On January 18, 2019, when Defendant Davis was serving Plaintiff his dinner tray, Davis continued his verbal sexual harassment. Despite there being an active and ongoing P.R.E.A. investigation against Defendant Davis, Defendant Hamilton, contrary to policy, refused to remove Davis from Plaintiff's cell block. Plaintiff informed Hamilton and Defendant Kizer that Plaintiff did not feel safe or comfortable with Davis around him. Defendants Kizer and Hamilton deliberately "turned a blind eye to the matter and would laugh about it and walk off." The verbal harassment by Davis continued January 19 and 20, 2019. On January 20, 2019, Plaintiff asked Defendant Kizer for help in preventing Defendant Davis from serving Plaintiff his meal trays. Defendant Kizer responded that Plaintiff did not get to choose who served Plaintiff food but did tell Plaintiff he would bring Plaintiff his tray when Kizer had time. Plaintiff also alleges generally that, "[a]ny inmate that uses the grievance system or filing complaints with the court of justice against [Hamilton] or any employee at Marion Correctional on E-unit Restrictive Housing are retaliated upon."

Finally, Plaintiff alleges that, from January 21, 2019 through January 25, 2019, Defendants Hamilton and Kizer kept Plaintiff in a cell without sufficient water pressure for Plaintiff's toilet to flush properly, so that waste accumulated after each flush. Plaintiff was denied water for 24 hours due to Plaintiff's toilet overflowing. Sergeant Kizer turned Plaintiff's toilet completely off and refused to put in a work order for two days and refused to move Plaintiff to a cell with a functioning toilet. [Doc. 1 at 3-12].

For injuries, Plaintiff claims he suffered stress, fear to leave his cell, loss of sleep, and emotional injury as a result of Defendants' conduct. [Id. at 13]. Plaintiff seeks injunctive and monetary relief. [Id. at 13-14].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

### A.    Verbal Sexual Harassment

Plaintiff asserts a claim against Defendant Davis for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment from sexual harassment. [Doc. 1 at 11]. Plaintiff asserts a claim against Defendant Hamilton under the Eighth Amendment for allowing Defendant Davis to sexually harass Plaintiff. [Id.].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate

must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment protects inmates from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). The Supreme Court has held, however, that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175 (2010) (internal quotation marks omitted). Furthermore, "[a]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extent to mere verbal sexual harassment." Jackson v. Holley, 666 Fed. App'x 242, 244 (4th Cir. 2016) (quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal quotation marks omitted)); Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials without more, do not state a cognizable claim under § 1983.")

The Court, therefore, finds that Plaintiff's allegations against Defendant for verbal sexual harassment do not state a claim for an Eighth Amendment violation. Further, Plaintiff's Eighth Amendment claim against Defendant Hamilton for allowing Defendant Davis to harass Plaintiff must also necessarily fail.

B.      Retaliation for Filing Grievances

Plaintiff asserts a claim against Defendant Hamilton for violating Plaintiff's First Amendment right to redress of grievances by retaliating and punishing Plaintiff with infractions to discourage Plaintiff from filing complaints. [Doc. 1 at 12].

Taking Plaintiff's allegations as true for purposes of initial review, the Court finds that Plaintiff has stated a claim against Defendant Hamilton for violation of Plaintiff's First

Amendment right to be free from retaliation for filing grievances. As such, Plaintiff's retaliation claim against Defendant Hamilton survives initial review as it is not clearly frivolous. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017) (inmate has clearly established First Amendment right to be free from retaliation for filing grievances).

### C. Redress of Grievances

Plaintiff claims Defendant Kizer violated Plaintiff's Fourteenth Amendment right to due process "by depriving Plaintiff of an opportunity to aggrieve the conditions of his confinement." [Doc. 1 at 12]. It appears this claim is based on Defendant Kizer's refusal, for two days, to allow Plaintiff to file a P.R.E.A. complaint against Defendant Davis. [Id. at 4]. Plaintiff, however, does not allege that he was hindered in his efforts to pursue a legal claim with this Court.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Prisoner's generally do not have a constitutional right of access to grievance procedures. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

As such, Plaintiff's Fourteenth Amendment claim against Defendant Kizer for depriving Plaintiff an opportunity to aggrieve his conditions of confinement fails initial review.

**D. Denial of Access to Functioning and Sanitary Toilet**

Plaintiff also states claims against all Defendants under the Eighth and Fourteenth Amendments related to the purposeful denial of a sanitary toilet and "reasonable access to basic human waste disposal for 120 hours" as punishment for filing a P.R.E.A. complaint on Defendant Davis. Plaintiff contends this constituted both cruel and unusual punishment under the Eighth Amendment and a violation of the Fourteenth Amendment right to due process. Taking Plaintiff's allegations as true for purposes of initial review, the Court finds that these claims survive initial review.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Plaintiff's First Amendment claim against Defendant Hamilton and Plaintiff's Eighth and Fourteenth Amendment claims against all Defendants for denial of access to a functioning toilet. All other claims brought by Plaintiff will be dismissed in accordance with the terms of this Order.

**IT IS, THEREFORE, ORDERED** that:

1.	Plaintiff's allegations survive initial review in accordance with the terms of this Order.  See 28 U.S.C. §§ 1915(e); 1915A.

2.	This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners.  The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for all Defendants, who are current or former employees of NCDPS.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge