# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00040-MR

| | |
|---|---|
| BRIAN G. RANSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. [Doc. 22].

**I.    BACKGROUND**

Pro se Plaintiff Brian G. Ransom ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. On February 4, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Nicholas Davis, identified as a correctional line staff at Marion Correctional Institution ("Marion"); Thomas Hamilton, identified as the E-unit restrictive housing acting Unit Manager at Marion; and Morgan Kizer, identified as the E-unit restrictive

housing Unit Sergeant at Marion.[1]

On November 19, 2019, Plaintiff's Complaint survived initial review as to Plaintiff's claim against Defendant Hamilton for allegedly violating Plaintiff's First Amendment right to be free of retaliation for filing grievances and against all Defendants under the Eighth and Fourteenth Amendments for allegedly failing to fix Plaintiff's toilet and forcing Plaintiff to live in unsanitary conditions between January 21, 2019 through January 25, 2019 as punishment for filing a P.R.E.A.[2] complaint against Defendant Davis. [CR Doc. 14 at 5-7]. Plaintiff's First Amendment claim against Defendant Hamilton for retaliation includes, in part, allegations of Plaintiff having received disciplinary infractions on January 8, 2019 for filing a P.R.E.A. complaint against Defendant Davis and denying Plaintiff access to pictures sent by his mother under the guise of suspected contraband. [See Doc. 1 at 4-6].

Defendants now move to dismiss Plaintiff's Complaint for Plaintiff's failure to exhaust administrative remedies. [Doc. 22]. In their supporting

---

[1] Defendants were named in the Complaint as FNU Davis, T. Hamilton, and FNU Kizer, respectively. The Court will instruct the Clerk to update the docket in this matter to reflect Defendants' true identities.

[2] P.R.E.A. stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

memorandum, Defendants assert that "Plaintiff's retaliation claim is based on disciplinary infractions charged on January 8, 2019," but fail to recognize that this claim also relates to wrongfully denying Plaintiff access to his pictures in retaliation for filing a P.R.E.A. complaint. [See Doc. 23 at 7].

On March 16, 2020 this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to Defendants' motion within fourteen (14) days of that Order. [Doc. 24]. Plaintiff has not responded to Defendants' motion.

The matter is now ripe for adjudication.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter

Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The NCDPS has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Here, in his Complaint, Plaintiff alleges the following as to exhaustion:

> Plaintiff sought to exhaust his Administrative remedies as required by prison policy and the requirement for the Prisoner Litigation Reform Act. But T. Hamilton, the unit manager that is retaliating against Plaintiff, has stated to the Plaintiff['s] face verbally that all Grievances and mail has to go through him first, And that he will reject any Grievances or throw them away if it was dealing with certain officials.

[Doc. 1 at 3]. Plaintiff, however, has filed no documents reflecting the use of the administrative grievance process relative to the claims in his Complaint.

In support of their motion to dismiss, Defendants provide copies of Plaintiff's three fully exhausted grievances filed between January 1, 2019 and January 14, 2020 as provided by the Inmate Grievance Resolution Board. [Docs. 23-1, 23-2]. See Yarber v. Capital Bank, 944 F.Supp.2d 437, 441 (E.D.N.C. Mar. 18, 2013) ("The court may also consider documents attached to the complaint and documents attached to the motion to dismiss if those documents are integral to the complaint and authentic.").[3] Defendants claim that none of these grievances relate to the claims that

---

[3] Here, defense counsel attests that, "it is anticipated that these documents will be uncontested, the facts contained therein relate solely to a matter of formality, and there will be no substantial evidence offered in opposition." [Doc. 23-1 at ¶ 2].

remain at issue in this case and that "they do not satisfy the PLRA for the purposes of this action." [See Doc. 23 at 8-9; Doc. 23-2 at 2-15].

Defendants' assessment of these grievances is partially incorrect, apparently because of Defendants' mistaken position that Plaintiff's First Amendment claim against Defendant Hamilton relates only to the January 8, 2019 infractions and not to the denial of Plaintiff's photographs. One of the three grievances does, in fact, relate to Plaintiff's claim of retaliation against Defendant Hamilton. In Grievance No. 3730-2019-EU3D-00049, dated January 9, 2019, Plaintiff complains as follows:

> On 1/9/19 I received a rejection notice about some pictures that were sent to me from my mother. It was 11 color photos, but 4 of them had an "unknown substance". I have never gotten any contraband in or out of Prison, & have never tried. <u>Hamilton is taking out a breach of policy for retaliation on me for putting a prea investigation on an officer</u>. Two wrong's do not make a right. only four of the eleven had an "unknown substance" & the NC DPS has a way to detect any kind of contraband & controlled substance. I feel that this matter needs to be handled in a proper & just manner….
>
> All im asking is that I be allowed to get my seven remaining pictures in a timely manner. And for the unit manager be made to bring me my pictures.

[Doc. 23-2 at 3 (errors uncorrected) (emphasis added)]. Plaintiff appealed this Grievance through Step Three and it was "dismissed for lack of supporting evidence." [Id. at 2]. Defendants are correct that none of the

6

grievances relate to Plaintiff's other claim regarding the Defendants' refusal to fix Plaintiff's toilet and the resultant conditions of confinement.

Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Futility, however, is no exception to the exhaustion requirement. Reynolds v. Doe, 431 Fed. App'x 221, 222 (4th Cir. 2011) (citing Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)). As such, to the extent that Plaintiff sought to allege that he should be excused from the exhaustion requirement due to Defendant Hamilton's involvement in the process, this argument is unavailing. Plaintiff made no attempt to exhaust his administrative remedies as to his claims against all the Defendants under the Eighth and Fourteenth Amendments. As such, these claims must be dismissed without prejudice. See Harris v. Midford, No. 1:10-cv-263, 2011 WL 1601446 (W.D.N.C. Apr. 27, 2011). The Court will, therefore, grant Defendants' motion to dismiss as to these claims and dismiss Defendants Davis and Kizer as Defendants in this matter.

As to Plaintiff's claim against, Defendant Hamilton, however, Plaintiff did exhaust his administrative remedies, at least so far as the claim relates to Defendant Hamilton's alleged retaliation against Plaintiff for filing a P.R.E.A. complaint against Defendant Davis. Defendants' motion to dismiss

this claim will, therefore, be denied.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendants' motion to dismiss Plaintiff's Eighth and Fourteenth Amendment claims against all Defendants and denies Defendants' motion to dismiss Plaintiff's First Amendment claim against Defendant Hamilton.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Doc. 22] is **DENIED IN PART** as to Plaintiff's First Amendment claim against Defendant Hamilton and **GRANTED IN PART** as to Plaintiff's Eighth and Fourteenth Amendment claims against Defendants Davis, Hamilton, and Kizer, and those claims are hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Defendants Davis and Kizer are **HEREBY** dismissed as Defendants in this matter.

The Clerk is instructed to update the docket in this matter to reflect the true identities of FNU Davis, T. Hamilton, and FNU Kizer as Nicholas Davis, Thomas Hamilton, and Morgan Kizer, respectively.

**IT IS SO ORDERED.**

Signed: August 11, 2020

Martin Reidinger
Chief United States District Judge